**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

In re

RAFIA NAFEES KHAN
pka RAFIA N. KHAN IRREVOCABLE TRUST

        Debtor

RAFIA NAFEES KHAN

        Plaintiff

        v.

REGIONS BANK and
WILMINGTON TRUST COMPANY, TRUSTEE

        Defendants

Case No. 10-36155

Adv. Proc. No. 11-3186

**MEMORANDUM ON
MOTION TO DISMISS**

**APPEARANCES:**  ARNETT, DRAPER & HAGOOD
    Dan D. Rhea, Esq.
    Post Office Box 300
    Knoxville, Tennessee 37901-0300
    Attorneys for Plaintiff

    KENNERLY, MONTGOMERY & FINLEY, P.C.
    Michael S. Kelley, Esq.
    Tara L. Kraemer, Esq.
    Post Office Box 442
    Knoxville, Tennessee 37901
    Attorneys for Defendant Regions Bank

**RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE**

This adversary proceeding is before the court upon the Complaint filed by the Plaintiff on June 26, 2011, as amended by the First Amended Complaint (Amended Complaint) filed on August 15, 2011,[1] seeking, pursuant to 11 U.S.C. § 502(b)(1), to disallow the proof of claim filed by Regions Bank, asking the court to declare Regions Bank's lien securing the claim void pursuant to 11 U.S.C. § 506(d), and requesting compensatory and punitive damages pursuant to 11 U.S.C. § 105(a). On August 31, 2011, the Defendant filed a Motion to Dismiss with an accompanying brief, averring that the Plaintiff lacks standing to file the adversary proceeding which must be dismissed due to lack of subject matter jurisdiction.[2] As required by E.D. Tenn. LBR 7007-1(a), the Plaintiff filed the Response of Debtor to Creditor's Motion to Dismiss Adversary Proceeding on September 16, 2011.

In her Amended Complaint, the Plaintiff alleges that the proof of claim filed by the Defendant in her bankruptcy case on March 1, 2011, in the amount of $56,338.00, represents a $40,000.00 debt against her real property located at 3901 S. Lake Boulevard, Knoxville, Tennessee, incurred not by her but by her former husband, that she and the Defendant engaged in extensive arbitration pre-petition resulting in an arbitration award in favor of the Defendant for attorneys' fees and costs, and that the arbitration award was vacated by an order entered by the Knox County Chancery Court on August 5, 2010, and appealed by the Defendant to the Tennessee Court of

---

[1] The Defendant Wilmington Trust Company, Trustee was dismissed pursuant to the Notice of Partial Dismissal of Adversary Proceeding filed by the Plaintiff on August 15, 2011.

[2] On July 27, 2011, the Defendant filed a first Motion to Dismiss which was denied by an Order entered on August 22, 2011, following the filing of the Amended Complaint on August 15, 2011, which cured the defects raised in the Motion to Dismiss. The Defendant is permitted to file a second Motion to Dismiss in this adversary proceeding because it has raised standing and subject matter jurisdiction, which may be raised at any time. *See* FED. R. CIV. P. 12(h)(3) (made applicable in adversary proceedings by FED. R. BANKR. P. 7012(b)).

Appeals, with the appeal having been stayed by the filing of the Plaintiff's Chapter 7 bankruptcy case on December 31, 2010.

By her first count, the Plaintiff avers that the proof of claim filed by the Defendant should be disallowed and the lien upon which the claim is based should be avoided for the following reasons:

> a) said claims are unenforceable against the Debtor because they have not been shown in the form required by Fed.R.Bankr.P. 3001(a), in that no amount of indebtedness on The $40,000 Loan is stated, and no address or contact information of the current "assignee of The $40,000 Loan is stated, as required on the official form;
>
> b) said claims are unenforceable against the Debtor under Tennessee's Statute of Frauds, Tenn. Code Ann. §29-2-101(2), because no agreement or memorandum signed by the Debtor to pay or repay The $40,000 Loan was ever executed; and
>
> c) said claims are unenforceable against The Property of the Debtor because the HELOC Deed of Trust had been rendered "null and void" under its "FULL PERFORMANCE" paragraph on page 4 thereof, upon the cancellation of the HELOC, prior to the making of The $40,000 Loan with no outstanding indebtedness thereon.

AMD. COMPL. at ¶ 15. Similarly, the Plaintiff's second count gives the following bases for disallowance and avoidance of the Defendant's claim:

> a) said claims are unenforceable against either the Debtor or The Property of the Debtor, under either of the HELOC agreements, because the arbitration Award against her has been vacated by order of the Knox County, Tennessee Chancery Court dated August 3, 2010, in that Court's case number 173193-2;
>
> b) said claims are unenforceable against either the Debtor or The Property of the Debtor, under the Tennessee Consumer Protection Act, because the arbitration proceeding referenced in the Proof of Claim had been brought by the Debtor against Regions Bank under that Act, and the arbitrator did not find that the Debtor's action under the Act was "frivolous, without legal or factual merit, or brought for the purpose of harassment." See Tenn. Code Ann. §47-18-109(e)(2); and

3

    c) said claims are unenforceable against The Property of the Debtor because the HELOC Deed of Trust had been rendered "null and void" under its "FULL PERFORMANCE" paragraph on page 4 thereof, upon the cancellation of the HELOC, prior to commencement of the arbitration proceedings referenced in the Proof of Claim.

AMD. COMPL. at ¶ 17. Finally for her third count, the Plaintiff seeks compensatory and punitive damages against the Defendant under Tennessee law and/or 11 U.S.C. § 105(a) based upon the following allegations:

    Regions Bank's violation of the arbitration clauses contained in the HELOC agreement and in the HELOC Deed of Trust was committed with the intention to oppress the Debtor by:

    a) depriving her of the orderly and binding conclusion of her pre-petition arbitration proceeding;

    b) requiring the Debtor to commence and prosecute this adversary proceeding at her cost, including attorneys' fees; and

    c) seeking to affix an unaccrued charge against The Property of the Debtor that would survive the discharge of her debts under Chapter 7 of the federal Bankruptcy Code.

AMD. COMPL. at ¶ 24.

    Through its Motion to Dismiss, the Defendant seeks dismissal pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for "lack of jurisdiction over the subject matter," arguing that the Plaintiff does not have standing to file an adversary proceeding for the relief sought. FED. R. CIV. P. 12(b) (made applicable in adversary proceedings by FED. R. BANKR. P. 7012(b)). Being courts of limited jurisdiction, federal courts "have a continuing obligation to examine their subject matter jurisdiction throughout the pendency of every matter before them." *Mich. Empl. Sec. Comm'n v. Wolverine Radio Co., Inc. (In re Wolverine Radio Co. Inc.)*, 930 F.2d 1132, 1137 (6th Cir. 1991).

Subject matter jurisdiction may not be waived and may be raised at any time. *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004); *Matuscak v. United States Bankr. Ct. Clerk (In re Rini)*, 782 F.2d 603, 608 (6th Cir. 1986) ("It is well established that parties cannot somehow waive jurisdictional objections, nor can they consent to the jurisdiction of a court when that court lacks jurisdiction over the subject matter of their dispute."). "A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." *Abbott v. Mich.*, 474 F.3d 324, 328 (6th Cir. 2007) (citation omitted). Because the Defendant has challenged the Amended Complaint on its face, all allegations are deemed true and the Complaint is viewed in a light more favorable to the Plaintiff. Nevertheless, the court finds that the Plaintiff, who is a Chapter 7 debtor in a no-asset case, does not possess standing to file and prosecute an adversary proceeding objecting to a proof of claim under § 502(a) or seeking to void the Defendant's lien under § 506(d).

Standing is a prerequisite for subject matter jurisdiction, requiring a party to allege an actual case or controversy, *O'Shea v. Littleton*, 414 U.S. 488, 493-94 (1974), which "depends on whether the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal jurisdiction and to justify exercise of the court's remedial powers on his behalf." *Newport Acquisition Co. No. 1, LLC v. Schiro (In re C-Power Prods., Inc.)*, 230 B.R. 800, 804 (Bankr. N.D. Tex. 1998) (citation and internal quotations marks omitted).

> [T]o satisfy Article III's standing requirements, a plaintiff must show (1) it has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the

challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000). Additionally, Article III standing is jurisdictional and not subject to waiver. *Lewis v. Casey*, 518 U.S. 343, 349 n.1 (1996).

A debtor's creditors may file proofs of claim. 11 U.S.C. § 501(a) (2006). A proof of claim executed and filed in accordance with the Bankruptcy Rules constitutes prima facie evidence as to the claim's validity and amount and, pursuant to 11 U.S.C. § 502(a) (2006), is deemed allowed unless a party in interest objects. In the event of an objection, the objecting party must present evidence rebutting the proof of claim by refuting at least one allegation that is essential to the legal sufficiency of the claim, after which the burden of proof shifts to the claimant to prove the claim's validity by a preponderance of the evidence. *In re Cleveland*, 349 B.R. 522, 527 (Bankr. E.D. Tenn. 2006) (citation omitted). Additionally, as a general matter, unless avoided, "liens pass through bankruptcy unaffected." *Cen-Pen Corp. v. Hanson*, 58 F.3d 89, 92 (4th Cir. 1995); *see also Johnson v. Home State Bank*, 501 U.S. 78, 84 (1991). Although a debtor may discharge his or her personal liability on the underlying debt, a lien created pre-petition securing the debt survives discharge. *In re Geiger*, 260 B.R. 83, 88 (Bankr. E.D. Pa. 2001). With respect to disallowed claims, "[t]o the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void[.]" 11 U.S.C. § 506(d) (2006).[3]

---

[3] There are two exceptions provided within § 506(d) – "unless— (1) such claim was disallowed only under section 502(b)(5) or 502(e) of this title; or (2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title" – neither of which apply in this case.

A trustee may file an objection to a claim, requesting a determination of the validity or extent of a lien, which "becomes" an adversary proceeding pursuant to Rule 3007 in conjunction with Rule 7001(2). The Bankruptcy Code also affords trustees the power to avoid liens through the filing of an adversary proceeding. *See* 28 U.S.C. § 157(b)(2)(K) (1993); FED. R. BANKR. P. 7001(2).[4] 11 U.S.C. § 704 defining the duties of Chapter 7 trustees directs, *inter alia*, that a Chapter 7 trustee "shall— . . . (5) if a purpose would be served, examine proofs of claims and object to the allowance of any claim that is improper[.]" 11 U.S.C. § 704 (2006). *See also* 11 U.S.C. § 323 (2006) (stating that the trustee is the representative of the estate and has the capacity to sue and be sued). "The authority to collect the debtor's assets is vested exclusively in the trustee." *In re W. Pointe Props., L.P.*, 249 B.R. 273, 285-86 (Bankr. E.D. Tenn. 2000) (quoting *In re Perkins*, 902 F.2d 1254, 1258 (7th Cir. 1990)).

The Bankruptcy Code does not, however, authorize Chapter 7 debtors to qualify as parties in interest with standing to file objections to claims unless there are sufficient assets to pay all creditors and administrative expenses in full or the underlying debt is nondischargeable. *In re Malsch*, 417 B.R. 458, 461 (Bankr. N.D. Ohio 2009); *see also Pascazi v. Fiber Consultants, Inc.*, 445 B.R. 124, 127 (S.D.N.Y. 2011) (holding that Chapter 7 debtors "usually ha[ve] no pecuniary interest that would justify objecting to a claim.") (citation omitted); *In re Ulz*, 401 B.R. 321, 328 (Bankr. N.D. Ill. 2009) ("A chapter 7 debtor . . . is usually not a 'party in interest' with standing to object to claims. The success of his objection cannot affect him because the debtor receives a

---

[4] "[A] proceeding to determine the validity, priority, or extent of a lien or other interest in property [is an adversary proceeding]." FED. R. BANKR. P. 7001(2).

7

distribution only after all creditors have been paid in full, and an estate will rarely have enough assets to do even that.") (citations omitted).

> A debtor's standing is limited because an assignment of its causes of action to the Trustee promotes orderly collection of assets. To allow debtors to assume the role of examining and objecting to claims "would permit them to usurp the trustee's authority and to require the courts to rule on objections where the allowance or disallowance of the claim is meaningless to the administration of the estate."

*In re Manshul Const. Corp.*, 223 B.R. 428, 430 (Bankr. S.D.N.Y. 1998) (citations omitted). "A debtor will have standing, though, if there is a reasonable possibility of a surplus once all claims are paid." *Ulz*, 401 B.R. at 328. Additionally, should the Chapter 7 trustee choose to formally abandon a claim, the cause of action revests in the debtor who can then bring suit independent of the bankruptcy estate. *See Mgmt. Investors v. United Mine Workers of Am.*, 610 F.2d 384, 392 (6th Cir. 1979).

Here, the Trustee has not abandoned the property of the estate or the Defendant's claim. Furthermore, there is nothing in the Amended Complaint or within the Plaintiff's bankruptcy case suggesting a reasonable possibility that she will receive a surplus once all claims are paid. Her statements and schedules filed on December 31, 2010, reflect assets in the amount of $271,650.00 and liabilities of $541,605.84. As evidenced by Schedule A - Real Property, the Plaintiff values her real property at $180,000.00, subject to secured claims of $200,000.00. She lists assets totaling $91,650.00 on Schedule B - Personal Property, which includes a $49,000.00 "contingent claim for payment of attorneys' fees in pending Tennessee Consumer Protection Act claim." As to her liabilities, the Plaintiff's Schedule D - Creditors Holding Secured Claims reflects secured claims in the amount of $266,163.84, and Schedule F - Creditors Holding Unsecured Nonpriority Claims lists

8

unsecured claims totaling $275,442.29. Finally, as evidenced by the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines dated December 31, 2010, creditors were directed not to file proofs of claims because, "[t]here does not appear to be any property available to the trustee to pay creditors." Accordingly, based on her statements and schedules, the Plaintiff's liabilities are $269,955.84 greater than her assets, and although only the Defendant has filed a proof of claim, there has been no indication that there are assets sufficient to pay all creditors and then leave the Plaintiff with a surplus.

Similarly, "the provisions of § 506 do not inure to the benefit of Chapter 7 debtors." *Hares v. Sage Fin. Ltd. (In re Hares)*, 431 B.R. 796, 799 (Bankr. S.D. Ohio 2010). "[I]n a Chapter 7 case, a debtor may not void all or any portion of a lien on real property under 11 U.S.C. § 506(d), even if it is partially or wholly unsecured." *In re Tran*, 2011 WL 3862010, at *4, 2011 U.S. Dist. LEXIS 97906, at *11 (N.D. Cal. Aug. 31, 2011) (citing *Dewsnup v. Timm*, 502 U.S. 410, 417 (1992)); *see also Talbert v. City Mortg. Servs. (In re Talbert)*, 344 F.3d 555, 556 (6th Cir. 2003).

Because the Plaintiff does not possess the standing to prosecute this adversary proceeding, the court does not have subject matter jurisdiction, and the Motion to Dismiss will be granted. An order consistent with this Memorandum will be entered.

FILED:  September 29, 2011

>                            BY THE COURT
>
>                            /s/ RICHARD STAIR, JR.
>
>                            RICHARD STAIR, JR.
>                            UNITED STATES BANKRUPTCY JUDGE