**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF TENNESSEE**

In re

Case No. 10-36155

RAFIA NAFEES KHAN
pka RAFIA N. KHAN IRREVOCABLE TRUST

    Debtor

RAFIA NAFEES KHAN

    Plaintiff

v.                                     Adv. Proc. No. 11-3186

REGIONS BANK and
WILMINGTON TRUST COMPANY, TRUSTEE

    Defendants

**MEMORANDUM ON PLAINTIFF'S MOTION
TO ALTER OR AMEND JUDGMENT**

**APPEARANCES:**     ARNETT, DRAPER & HAGOOD
                                     Dan D. Rhea, Esq.
                                     Post Office Box 300
                                     Knoxville, Tennessee 37901-0300
                                     Attorneys for Plaintiff

                                     KENNERLY, MONTGOMERY & FINLEY, P.C.
                                     Michael S. Kelley, Esq.
                                     Tara Kraemer, Esq.
                                     Post Office Box 442
                                     Knoxville, Tennessee 37901
                                     Attorneys for Defendant Regions Bank

**RICHARD STAIR, JR.
UNITED STATES BANKRUPTCY JUDGE**

Before the court is the Debtor's Motion to Alter or Amend Judgment (Motion to Alter or Amend) filed by the Plaintiff on September 30, 2011, asking the court to alter or amend its Order entered on September 29, 2011, granting the Motion to Dismiss filed by the Defendant Regions Bank on August 31, 2011, and dismissing this adversary proceeding pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. As required by the court's Order entered on October 3, 2011, the Plaintiff filed the Memorandum of Law in Support of Debtor's Motion to Alter or Amend Judgment on October 5, 2011, and the Defendant filed the Defendant's Memorandum in Response to Debtor's Motion to Alter or Amend Judgment on October 19, 2011. At the Plaintiff's request, oral argument was held on December 8, 2011.

Through the Complaint filed on June 26, 2011, and the First Amended Complaint filed on August 15, 2011, grounded on facts which will not be restated here, the Plaintiff sought the following relief: (1) pursuant to 11 U.S.C. § 502(b)(1) (2006), disallowance of the proof of claim filed by the Defendant; (2) a declaration, pursuant to 11 U.S.C. § 506(d) (2006), that the Defendant's lien securing the proof of claim was void; and (3) compensatory and punitive damages pursuant to 11 U.S.C. § 105(a) (2006). Subsequent to the filing of a Motion to Dismiss by the Defendant, the court, on September 29, 2011, filed a Memorandum on Motion to Dismiss (Memorandum Opinion). A corresponding Order dismissing the Complaint was entered. As discussed in detail in the Memorandum Opinion, because the Plaintiff was not a party in interest with standing to object to the Defendant's proof of claim or avoid its lien, she lacked the standing to prosecute the adversary proceeding, and thus, the court does not possess subject matter jurisdiction.

As the basis for her Motion to Alter or Amend, the Plaintiff cites to Rule 9023 of the Federal Rules of Bankruptcy Procedure which provides, in material part, that Rule 59 of the Federal Rules

of Civil Procedure applies in adversary proceedings and that "[a] motion . . . to alter or amend a judgment shall be filed . . . no later than 14 days after entry of judgment." FED. R. BANKR. P. 9023. "There are no standards for filing of such a motion set forth in Bankruptcy Rule 9023 or Civil Rule 59; however, the courts have established four grounds for a motion to alter or amend a judgment: (1) an intervening change in the controlling law; (2) newly discovered evidence; (3) to correct clear legal error; and (4) to prevent manifest injustice." *In re Gress*, 435 B.R. 520, 522-23 (Bankr. S.D. Ohio 2010) (citing *Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir. 2006) and 12 MOORE'S FEDERAL PRACTICE ¶ 59.30[5][a] p. 59-110 (3d ed. 2009)). Accordingly, Rule 59 "can only be used in limited circumstances, and should be used sparingly." *In re Barber*, 318 B.R. 921, 923 (Bankr. M.D. Ga. 2004).

A motion under Rule 59 is not, however, "intended to provide the parties an opportunity to relitigate previously-decided matters or present the case under new theories[,]" and "[t]he burden of demonstrating the existence of a manifest error of fact or law rests with the party seeking reconsideration." *In re Nosker*, 267 B.R. 555, 564-65 (Bankr. S.D. Ohio 2001); *see also Condor One, Inc. v. Homestead Partners, Ltd. (In re Homestead Partners, Ltd.)*, 201 B.R. 1014, 1018 (Bankr. N.D. Ga. 1996) (stating that a Rule 59 motion may not be "viewed as a means for overcoming one's failure to litigate matters fully."). "Arguments and evidence which could have been presented earlier in the proceedings cannot be presented in a Rule 59(e) motion[,]" *In re See*, 301 B.R. 554, 555 (Bankr. N.D. Iowa 2003), and "[t]ypically a motion for reconsideration that simply restates the same arguments will be denied." *Hamerly v. Fifth Third Mortg. Co. (In re J & M Salupo Dev. Co.)*, 388 B.R. 795, 805 (B.A.P. 6th Cir. 2008) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)). Additionally, manifest injustice is

defined as "[a]n error in the trial court that is direct, obvious, and observable, such as a defendant's guilty plea that is involuntary or that is based on a plea agreement that the prosecution rescinds." BLACK'S LAW DICTIONARY 974 (7th ed. 1999).

In support of the Motion to Alter or Amend, through which she asserts clear legal error as its basis, the Plaintiff argues that she has both constitutional standing and a statutory interest under the Bankruptcy Code to object to the Defendant's claim secured by her real property. Although agreeing with the basic concept that Chapter 7 debtors do not possess standing to object to claims unless there is to be a surplus, the Plaintiff argues that "that line of authority cannot possibly carry over to an individual Chapter 7 debtor's 'interest' in her own property, exempted from the bankruptcy estate under 11 U.S.C. §522," PL.'S BR. at 2-3, and that she has a personal and pecuniary interest in her homestead exemption in her real property in the amount of $25,000.00 pursuant to Tennessee Code Annotated § 26-2-301(f) (Supp. 2011). She also argues that the legislative history of the Bankruptcy Code evidences Congress's intent to recognize debtors as parties in interest entitled to avoid liens under 11 U.S.C. § 506(d), but that intent was "frustrated to some extent by the Supreme Court" through its holding in *Dewsnup v. Timm*, 502 U.S. 410, 112 S. Ct. 773, 116 L. Ed. 2d 903 (1992), and that the facts of her case are distinguished because of the Defendant's "illegal and inequitable actions" committed before she filed her case. Finally, during oral argument, the Plaintiff argued that, as stated in *In re Rice*, ___ B.R. ___, 2010 WL 6016229 (B.A.P. 6th Cir. Dec. 5, 2011), a case recently decided by the Bankruptcy Appellate Panel for the Sixth Circuit, the term "party in interest" includes Chapter 7 debtors.

Specifically, the Plaintiff argues that the Defendant filed its proof of claim notwithstanding that it had been notified that the case was a "no asset" case and then omitted information indicating

4

that the claim is entirely contingent upon a favorable outcome in collateral state court and/or arbitration proceedings. On the other side, the Defendant argues that the Motion to Alter or Amend should be denied because there is no equity in the Plaintiff's real property and she, therefore, cannot claim a homestead exemption. Additionally, the Defendant argues that even if the Plaintiff had a valid interest due to the homestead exemption, she would still not be authorized to proceed with the adversary proceeding seeking to disallow its proof of claim and void its lien based upon the Supreme Court's controlling precedent in *Dewsnup* and the Sixth Circuit's recognition thereof in *Talbert v. City Mortg. Servs. (In re Talbert)*, 344 F.3d 555 (6th Cir. 2003).

As an initial matter, the Plaintiff's argument that the Defendant's "active bid for immunity from objections and basic 'due process of law'" by filing of its proof of claim in her no-asset case despite being instructed that doing so was unnecessary "is unprecedented," *see* PL.'S BR. at 4-5, and that she should be entitled to object to its allowance is without merit. In her brief, the Plaintiff makes the following argument:

> One of the policies of the Bankruptcy Code is to allow pre-petition liens on debtors' property to "pass through bankruptcy unaffected." See Court Doc. 20, Memorandum Opinion, p. 6. But that policy finds its expression in the Bankruptcy Code under 11 U.S.C. §506(d)(2), which protects only those lien claims that are not filed in a Proof of Claim under 11 U.S.C. §501. The Defendant here has filed a Proof of Claim under Section 501, disregarding the notification from this Court that such filing was unnecessary in light of the "no asset" status of the Debtor's case.

PL.'S BR. at 4. This argument was supplemented during oral argument in which the Plaintiff relied upon case law in the Ninth Circuit Court of Appeals, arising out of *Seigel v. Fed. Home Loan Mortg. Corp.*, 143 F.3d 525, 529-32 (9th Cir. 1998), in which that court held that the deemed allowance of a proof of claim under § 502(a) is a final judgment giving rise to res judicata even though no actual order regarding the claim has been entered. The Plaintiff argues that because the Defendant's claim

5

would be "deemed allowed" pursuant to § 502(a) if not objected to, the Defendant would be entitled to raise the doctrine of res judicata against the Plaintiff in the subsequent state court action.

The Bankruptcy Code defines "creditor" as "[an] entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor[,]" 11 U.S.C. § 101(10)(A) (2006), and defines "claim" as:

> (A) [the] right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or
>
> (B) [the] right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

11 U.S.C. § 101(5) (2006). Although a creditor's status as such depends on whether it holds a claim against the debtor, whether a creditor is secured or unsecured is not reliant upon whether a proof of claim is filed and, in fact, under 11 U.S.C. § 501(a) (2006) and Rule 3002(a) of the Federal Rules of Bankruptcy Procedure, secured creditors are not required to file proofs of claim. Instead, the general purpose for filing a secured claim in a Chapter 7 case is to "preserve the opportunity for a distribution on account of any unsecured deficiency[,]" *In re Fink*, 366 B.R. 870, 879 (Bankr. N.D. Ind. 2007), although another purpose may be to provide the trustee with proof of its perfection in order to facilitate abandonment of the collateral. *In re Spurling*, 391 B.R. 783, 787 n.1 (Bankr. E.D. Tenn. 2008). "Failure to file a proof of claim does not affect the property interest created by a lien[,]" *Hares v. Sage Fin. Ltd. (In re Hares)*, 431 B.R. 796, 799 (Bankr. S.D. Ohio 2010), and conversely, the filing of a proof of claim does not enhance a secured creditor's lien in a Chapter 7 case.

There was nothing suspect about the Defendant filing its proof of claim, nor did the Defendant change its position or secured status or affect its lien in any way by doing so. "The specific language used in § 506 indicates that its provisions are to be utilized for the benefit of the estate, rather than the benefit of debtors in bankruptcy[,]" *Hares*, 431 B.R. at 798-99, and, as was thoroughly addressed by the court in the Memorandum Opinion entered on September 29, 2011, Chapter 7 debtors are not parties in interest who may object to the allowance of claims or seek to avoid a creditor's lien under § 506 "unless there are sufficient assets to pay all creditors and administrative expenses in full or the underlying debt is nondischargeable." MEM. OP. at 7 (citing *In re Malsch*, 417 B.R. 458, 461 (Bankr. N.D. Ohio 2009)). Here, the Plaintiff's case was designated a "no asset" case because there are no apparent assets to be liquidated for the benefit of creditors.[1]

Additionally, the Plaintiff's reliance on the *Rice* case is misplaced. In *Rice*, the Sixth Circuit Bankruptcy Appellate Panel assessed whether a creditor holding an assignment that was not listed on a certificate of title had standing to prosecute a motion for relief in a Chapter 7 case. In making its determination, the Panel noted that "party in interest" is not defined by the Bankruptcy Code but made the following observations:

> The Sixth Circuit Bankruptcy Appellate Panel has addressed the "party in interest" definition twice. Both cases involved a party's standing to file an objection to a proof of claim under 11 U.S.C. § 502(a) and Federal Rule of Bankruptcy Procedure 3008. *Normali v. O'Donnell (In re O'Donnell)*, 326 B.R. 901 (B.A.P. 6th Cir. 2005)

---

[1] Bankruptcy Rule 2002 provides at subsection (e):

**Notice of no dividend**

In a chapter 7 liquidation case, if it appears from the schedules that there are no assets from which a dividend can be paid, the notice of the meeting of creditors may include a statement to that effect; that it is unnecessary to file claims; and that if sufficient assets become available for the payment of a dividend, further notice will be given for the filing of claims.

FED. R. BANKR. P. 2002(e).

(unpub. table decision); *Morton v. Morton (In re Morton)*, 298 B.R. 301 (B.A.P. 6th Cir. 2003). In determining whether the objecting party was a "party in interest" within the meaning of § 502(a), both Panels approvingly quoted language from *In re Cowan*, 235 B.R. 912 (Bankr. W.D. Mo. 1999):

> [Party in interest] has been described as an expandable concept depending on the particular factual context in which it is applied. In various contexts, a "party in interest" has been held to be one who has an actual pecuniary interest in the case; anyone who has a practical stake in the outcome of a case; and those who will be impacted in any significant way in the case.

*Morton*, 298 B.R. at 307 (citing *Cowan*, 235 B.R. at 915) (internal quotation marks and citations omitted). Additionally, as one bankruptcy court in the Sixth Circuit has recognized, "[i]n defining ["party in interest"], ... the legislative history preceding the enactment of the Bankruptcy Code indicates that a court should give the term a broad interpretation after giving due consideration to the particular context in which the term will be applied." *In re Citi–Toledo Partners II*, 254 B.R. 155, 163 (Bankr. N.D. Ohio 2000). The Second, Third, Fourth, Seventh, and Eighth Circuits have all agreed with these general guidelines for interpreting the term "party in interest" in the bankruptcy arena. *In re Global Indus. Techs., Inc.*, 645 F.3d 201, 210 (3d Cir. 2011); *Yadkin Valley Bank & Trust Co. v. McGee (In re Hutchinson)*, 5 F.3d 750, 756 (4th Cir. 1993); *In re James Wilson Assocs.*, 965 F.2d 160, 169 (7th Cir. 1992); *Kapp v. Naturelle, Inc. (In re Kapp)*, 611 F.2d 703, 706 (8th Cir. 1979). "Whether a party qualifies as a 'party in interest' is determined on a case-by-case basis, taking into consideration whether that party has a 'sufficient stake' in the outcome of that proceeding." *Church Mut. Ins. Co. v. Am. Home Assurance Co. (In re Heating Oil Partners)*, 422 Fed. App'x 15, 17 (2d Cir. 2011).

*Rice*, 2011 WL 6016229, at *4-5. In oral argument, the Plaintiff relied on the foregoing statements in *Rice* to assert that she will be significantly impacted by the allowance of the Defendant's proof of claim, that she is a proper party in interest who may object to the Defendant's proof of claim because she holds a pecuniary interest in her residence and in her homestead exemption, and that she likewise has a stake in the outcome of this adversary proceeding.

Notwithstanding the definitions set forth by the Bankruptcy Appellate Panel in *Rice*, which is not binding upon this court, the fact remains that, based upon the Plaintiff's statements and schedules, which were signed under penalty of perjury, there is no potential for a surplus as she does

not have sufficient assets to satisfy the claims of her unsecured creditors. She does not, therefore, possess the proper standing to prosecute an objection to claims in her bankruptcy case. Furthermore, disallowing the Defendant's claim can serve no purpose in the administration of the Plaintiff's bankruptcy case and offers no benefit *to the bankruptcy estate*.[2]

"The principal purpose of the Bankruptcy Code is to grant a 'fresh start' to the 'honest but unfortunate debtor.' . . . Chapter 7 authorizes a discharge of prepetition debts following the liquidation of the debtor's assets by a bankruptcy trustee, who then distributes the proceeds to creditors. . . . Under Chapter 7 the debtor's nonexempt assets are controlled by the bankruptcy trustee[.]" *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 367, 127 S. Ct. 1105, 1107 166 L. Ed. 2d 956, 961 (2007) (citing *Grogan v. Garner*, 498 U.S. 279, 286-87, 111 S. Ct. 654, 659, 112 L. Ed. 2d 755, 764 (1991)). Nevertheless, "the sole focus of a Chapter 7 liquidation proceeding is on maximizing and protecting the value of the bankruptcy estate for later distribution to creditors." *M.K. Moore & Sons, Inc. v. Slutsky (In re Wm. Cargile Contractor, Inc.)*, 145 F.3d 1335 (Table), 1998 WL 211753, at *10 (6th Cir. Apr. 21, 1998); *see also Liberty Nat'l Bank & Trust Co. of Louisville v. Burba (In re Burba)*, 42 F.3d 1388 (Table), 1994 WL 709314, at *3 (6th Cir. Nov. 10, 1994) ("[U]nder Chapter 7 the primary purpose is for the trustee to liquidate the property of the estate and distribute the proceeds to creditors."). The focus is not, however, on how the Chapter 7 proceeding will affect the debtor personally. "[T]he Bankruptcy Code is very clear that the estate created is to be the repository of all property subject to administration in conjunction with the

---

[2] Bankruptcy Code § 704 provides in material part that "[t]he *trustee* shall . . . *if a purpose would be served*, examine proofs of claims and object to the allowance of any claim that is improper[.]" 11 U.S.C. § 704(a)(5) (2006) (emphasis added).

9

Chapter 7 case. When the trustee conveys title, title is conveyed on behalf of the estate, not on behalf of the debtor." *In re Engman*, 395 B.R. 610, 617 (Bankr. W.D. Mich. 2008).

Moreover, the Plaintiff's concerns as to the res judicata effect of an unchallenged and therefore "deemed allowed" proof of claim are unfounded.[3] As an initial matter, although courts in the Ninth Circuit are bound by the *Seigel* decision and its progeny, this court is bound by the decisions of the Sixth Circuit, which has not ruled in the same manner as the Ninth Circuit on this issue. In fact, courts in the Sixth Circuit as well as other courts outside the Ninth Circuit which have addressed this issue and/or this line of cases from the Ninth Circuit have declined to make a determination or adopt that interpretation. *See, e.g., Kismet Prods., Inc. v. HCC Benefits Corp.*, 2008 WL 1843987, at *6-7 (N.D. Ohio Apr. 22, 2008) (citing cases questioning the soundness of the Ninth Circuit's proposition and finding, without making a determination as to the merits, that the holding in *Seigel* did not apply to the facts at hand in that Chapter 11 case); *In re Dow Corning Corp.*, 237 B.R. 380, 392 (Bankr. E.D. Mich. 1999) ("For purposes of this opinion, it is not necessary to decide whether claims which are deemed allowed have the same preclusive effect as a § 502(b) order. *Compare Seigel*, 143 F.3d at 530 (holding that a claim which is deemed allowed has the same *res judicata* effect as a claim allowed pursuant to a court order) *with County Fuel Co. v. Equitable Bank Corp.*, 832 F.2d 290, 292 (4th Cir. 1987) ("It is doubtful that 'automatic allowance' under 11 U.S.C. § 502(a) of a claim not objected to constitutes a 'final judgment' of the type that gives rise to 'bar' or 'claim preclusion' under strict res judicata principles.")); *In re Giordano*, 234 B.R. 645, 649 (Bankr. E.D. Pa. 1999) (expressly questioning the *Seigel* decision and finding the observations in *County Fuel* to be correct after stating "it is difficult to understand how the unlitigated status of the

---

[3] "A claim . . ., proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a) (2006).

10

. . . claim in the Debtor's prior cases could have any possible effect on the determination of the validity of the instant Claim.").[4] Here, the court rejects the Plaintiff's argument that the "deemed allowed"[5] status of the Defendant's claim could give rise to the doctrine of res judicata in subsequent state court actions.[6]

With respect to the remainder of her arguments, the Plaintiff appears to misunderstand the concept of exempt property, claiming first that her "homestead exemption" in the real property is her property alone and not within the property of her bankruptcy estate, thus suggesting that this interest was never included within the estate at all. Under § 522, debtors "may exempt from property of the estate the property listed in either paragraph (2) or, in the alternative, paragraph (3) of this subsection. . . . ." 11 U.S.C. 522(b)(1) (2006). Exempt property is defined as property which "is subtracted from the bankruptcy estate and not distributed to creditors . . . [to ensure that the debtor] retains sufficient property to obtain a fresh start[.]" *In re Arwood*, 289 B.R. 889, 892 (Bankr. E.D. Tenn. 2003) (quoting *Lawrence v. Jahn (In re Lawrence)*, 219 B.R. 786, 792 (E.D. Tenn. 1998)). "No property can be exempted . . ., however, unless it first falls *within* the bankruptcy estate." *Owen v. Owen*, 500 U.S. 305, 308, 111 S. Ct. 1833, 1835, 114 L. Ed. 2d 350, 357 (1991).

---

[4] In dicta, the *Seigel* court stated that the debtor could have objected to the claim because "[t]he nature of his assertions and demands indicates that he could have benefitted, and could even have come out solidly solvent had he prevailed." *Seigel*, 143 F.3d at 531. However, as previously discussed in the September 29, 2011 Memorandum Opinion and this memorandum, the Plaintiff does not have a pecuniary interest in this objection in that were it sustained, her estate would still remain insolvent, and she would not receive any monetary benefit. Furthermore, in response to the Plaintiff's raising of this issue at oral argument, the Defendant's counsel stated that the issue had never before been raised and that it would not occur to the Defendant to utilize this argument in the state court proceedings.

[5] *See supra* n.2.

[6] "The doctrine of res judicata, or claim preclusion, provides that a final judgment on the merits of an action precludes the 'parties or their privies from re-litigating issues that were or could have been raised' in a prior action." *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995) (*quoting Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S. Ct. 2424, 2428, 69 L. Ed. 2d 103, 108 (1981)). Its purposes are to relieve the parties of multiple lawsuits, conserve judicial resources, and promote finality by preventing inconsistent decisions. *Allen v. McCurry*, 449 U.S. 90, 94, 101 S. CT. 411, 415, 66 L. Ed. 2d 308, 313 (1980).

Accordingly, in order to properly exempt property and remove it from the bankruptcy estate, such property must first be included within the bankruptcy estate. The Defendant's lien as evidenced in its proof of claim encumbers the Plaintiff's real property which, under 11 U.S.C. § 541(a)(1) (2006), came into her bankruptcy estate.

The Plaintiff's argument that her interest in the real property to the extent of her homestead exemption is somehow separate and apart from her interest in the real property as a whole and that the rule disallowing a debtor's standing to object to claims against the estate "cannot possibly carry over to an individual Chapter 7 debtor's 'interest' <u>in her own property</u>, exempted from the bankruptcy estate under 11 U.S.C. § 522," PL.'S BR. at 2-3, is illogical and without any statutory or precedential basis of support. Furthermore, if, as the Plaintiff argues, the exempt property is "her own property," i.e., not property of the estate, the Bankruptcy Court has no jurisdiction. *See* 11 U.S.C. § 522(*l*) (2006) ("Unless a party in interest objects, the property claimed as exempt . . . is exempt."); *Ostroff v. Am. Home Mortg. (In re Ostroff)*, 433 B.R. 442, 455 (Bankr. D.D.C. 2010) ("Although the court would have had jurisdiction over a proceeding *by the trustee* to declare American Home's lien invalid on estate property, the court does not have jurisdiction over such a proceeding by the [Debtors] premised on the property being exempt.") (emphasis added). Furthermore, under Tennessee law, a debtor's homestead exemption "extends, by definition, solely to the Debtor's equity interest in her principal place of residence." *In re Butler*, 271 B.R. 807, 811 (Bankr. E.D. Tenn. 2001). Here, the Plaintiff's Schedule A reflects her own assessment that the fair market value of her real property is $180,000.00, which is subject to liens totaling $200,000.00, resulting in negative equity of $20,000.00. In Schedule D, she also lists the value of her real property at $180,000.00, but states that it is subject to liens totaling $266,163.84, consisting of a judgment

12

lien of $2,163.84, a first mortgage of $148,000.00, the Defendant's home equity line of credit in the amount of $68,000.00, and an attorney's lien of $48,000.00.[7] There is, under either scenario, no equity in the real property against which she may assert a homestead exemption.[8] *See* MEM. OP. at 8.

The Plaintiff has failed to show that the court committed a clear error of law in its September 29, 2011 Memorandum Opinion dismissing her adversary proceeding. Accordingly, the Debtor's Motion to Alter or Amend Judgment filed by the Plaintiff on September 30, 2011, shall be denied. An order consistent with this Memorandum will be entered.

FILED: December 13, 2011

> BY THE COURT
>
> */s/ RICHARD STAIR, JR.*
>
> RICHARD STAIR, JR.
> UNITED STATES BANKRUPTCY JUDGE

---

[7] The Debtor lists the negative equity at $40,000.00 in Schedule D. The deficiency is, in fact, $86,163.84.

[8] During oral argument, the Plaintiff's counsel insisted that the Plaintiff's statements and schedules did, in fact, reflect equity in her residence because she listed the Defendant's claim as "contingent, unliquidated, and disputed" in her Schedule D - Creditors Holding Secured Claims. Irrespective that the Plaintiff marked the Defendant's claim as such, the Plaintiff's exemption "is limited to [her] equity interest in the Residence at the commencement of her bankruptcy case." *Butler*, 271 B.R. at 810. At the commencement of her bankruptcy case, the Plaintiff had no equity interest that would support her homestead exemption. Furthermore, the Plaintiff waived her entitlement to a homestead exemption in the Deed of Trust she executed on August 11, 2006, in favor of AmSouth Bank, predecessor in interest to the Defendant, to the extent of $80,000.00 per the Credit Agreement and Disclosure of the same date granting a line of credit secured by her residence.

13